FILED
2026 APR 28 PM 2:27
CLERK
U.S. DISTRICT COURT

Shawn L. Perrot
PO Box 72
Myers Flat, CA 95554
(707) 273-2215
shawnLperrot@outlook.com
*In pro se*

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SHAWN L. PERROT,<br>　　　　　Plaintiff,<br>v.<br>CLICKLEASE, LLC, a Utah Limited Liability Company, and DOES 1 through 10, inclusive,<br>　　　　　Defendant. | Case: 2:26−cv−00355<br>Assigned To : Oberg, Daphne A.<br>Assign. Date : 4/28/2026<br>Description: Perrot v Clicklease<br><br>Case No.<br>COMPLAINT FOR DAMAGES<br>Unauthorized Electronic Fund Transfers – EFTA (15 U.S.C. §1693 et seq.) Conversion Fraud / Intentional Misrepresentation (to Financial Institution) Declaratory Relief (28 U.S.C. §§2201–2202) |

COMPLAINT FOR DAMAGES

## I. JURISDICTION AND VENUE

1. This action is brought under the Electronic Funds Transfer Act (EFTA), 15 U.S.C. §1693 et seq., which provides for federal question jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in this District under 28 U.S.C. §1391(b)(1) and (2) because Defendant Clicklease, LLC is headquartered in this District and a substantial part of the events or omissions giving rise to the claims occurred through Defendant's conduct directed from this District.

3. The Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. §1367(a), as they arise from the same nucleus of operative facts.

## II. PARTIES

4. Plaintiff Shawn L. Perrot is a citizen of the State of California, residing in Eureka, California.

5. Defendant Clicklease, LLC is a Utah limited liability company with its principal place of business in Utah, conducting business nationwide, including in California.

## III. FACTUAL ALLEGATIONS

A. The Lease Agreement and Payment Structure

6. On August 5, 2024, Plaintiff entered into an Equipment Lease Agreement with Defendant for the acquisition of a CNC machine.

7. The Agreement required written ACH authorization for payments and expressly prohibited modification absent a written agreement signed by both parties.

8. Defendant drafted the Agreement and controlled all payment mechanisms, including ACH processing.

B. **Revocation of ACH Authorization**

9. On August 7, 2025, Plaintiff expressly revoked authorization for ALL ACH debits from his bank account via written communication to Defendant stating, in relevant part, that Defendant "do[es] not have my authorization to take any additional funds out of my account" and warning that any such withdrawal would be treated as unlawful.

10. This revocation was clear, unequivocal, and left no ambiguity regarding Plaintiff's lack of consent.

2

Perrot v. Clicklease, LLC

10a. On August 8, 2025, Defendant responded within the same email thread containing Plaintiff's revocation, stating it was "not sure what earlier email you are referring to" and directing Plaintiff to call an agent, thereby confirming receipt of the communication while failing to dispute or deny the revocation. This response demonstrates that Defendant had actual notice of Plaintiff's revocation prior to initiating subsequent debits.

11. Despite this actual notice, Defendant initiated a debit of approximately $334.93 on or about August 9, 2025, in direct violation of Plaintiff's revocation.

C. **Explicit Rejection of Settlement Terms and Lack of Authorization**

12. On August 15, 2025, Plaintiff provided Defendant with a written response rejecting Defendant's proposed "Settlement Amendment," expressly stating that the document introduced material terms—including confidentiality provisions and waivers of rights—that had never been agreed upon.

13. Plaintiff further made clear that he would not sign any agreement containing such additional terms and that no binding agreement existed under those conditions.

14. Defendant's own proposed Settlement Amendment required execution and mutual assent, and no such executed agreement ever existed.

15. At no time did Plaintiff execute any written agreement authorizing Defendant to withdraw $3,400, nor did Plaintiff provide any authorization—written or otherwise—permitting such a debit following his revocation.

D. **The Unauthorized $3,400 Withdrawal**

16. On August 19, 2025, Defendant withdrew $3,400 from Plaintiff's bank account without written authorization, without any executed agreement, and in direct violation of Plaintiff's prior revocation and subsequent written rejection of any settlement terms.

3

Perrot v. Clicklease, LLC

17. At the time of the withdrawal, Defendant knew that:

   a. Plaintiff had expressly revoked ACH authorization in writing;

   b. Plaintiff had rejected Defendant's proposed settlement agreement;

   c. No executed agreement existed; and

   d. No lawful basis existed to debit Plaintiff's account.

18. The withdrawal was therefore not the result of mistake, misunderstanding, or administrative error, but a deliberate act taken in conscious disregard of Plaintiff's explicit instructions and legal rights.

19. Any alleged "agreement in principle" did not and could not constitute authorization for an electronic fund transfer, and Defendant knew that no such authorization had been given.

E. **False Statements and Escalation of Misconduct**

20. After Plaintiff disputed the withdrawal with his bank, U.S. Bank, and after submitting multiple written complaints to both Defendant and U.S. Bank, Plaintiff was informed by a U.S. Bank manager, identified as Savannah (last name presently unknown), that the initiating bank reported it had contacted Defendant and was told that Plaintiff had not revoked consent. On information and belief, Defendant, through its agents or representatives, represented to U.S. Bank (directly or through intermediary institutions) that Plaintiff had not revoked consent.

21. This representation was false and directly contradicted Defendant's own records, including Plaintiff's August 7, 2025 written revocation and subsequent communications, which Defendant had received and responded to.

4

Perrot v. Clicklease, LLC

22. At no time after August 7, 2025 did Plaintiff reinstate, restore, or provide any new authorization—written or otherwise—permitting Defendant to initiate electronic fund transfers from his account.

23. Accordingly, Defendant's representation to Plaintiff's financial institution that no revocation had occurred was not the product of confusion or mistake, but a knowing fabrication made in the face of clear, documented evidence to the contrary.

24. Defendant made this false representation knowingly and intentionally for the purpose of defeating Plaintiff's dispute and retaining funds to which it was not entitled.

25. Defendant's conduct escalated further when it repeated materially false statements to regulatory authorities, including statements inconsistent with written communications in its possession.

F. **Willful and Systemic Conduct**

26. Defendant's actions were not isolated or accidental, but part of a deliberate course of conduct designed to:

    a. Extract funds without valid authorization;

    b. Circumvent established dispute-resolution processes through misrepresentation; and

    c. Retain financial benefit despite clear notice that such conduct was unlawful.

27. Defendant acted with conscious and willful disregard for Plaintiff's rights and the requirements of federal law, despite repeated notice and opportunity to correct its conduct.

5

IV. CAUSES OF ACTION

**FIRST CAUSE OF ACTION (Unauthorized Electronic Fund Transfer – EFTA)**

28. Plaintiff realleges paragraphs 1 through 27.

29. The withdrawals constitute electronic fund transfers under 15 U.S.C. §1693a.

30. Under 15 U.S.C. §1693e(a), preauthorized transfers require valid written authorization.

31. No such authorization existed for the $334.93 withdrawal on or about August 9, 2025, or the $3,400 withdrawal on or about August 19, 2025.

32. Plaintiff expressly revoked any prior authorization on August 7, 2025.

33. Defendant nevertheless initiated unauthorized transfers.

34. These actions constitute violations of 15 U.S.C. §1693e.

35. Defendant's conduct was willful, as evidenced by its knowledge of revocation, repeated complaints from Plaintiff, and subsequent misrepresentations made to defeat those complaints.

36. Plaintiff suffered damages including loss of funds, loss of use, and related harm.

37. Plaintiff is entitled to actual damages, statutory damages, and costs under 15 U.S.C. §1693m.

**SECOND CAUSE OF ACTION (Conversion)**

38. Plaintiff realleges paragraphs 1 through 37.

39. Defendant intentionally and wrongfully exercised dominion over Plaintiff's property, over which Plaintiff had an immediate right to possession, by taking $334.93 and $3,400 without authorization.

40. Defendant's conduct was knowing, intentional, and without lawful justification.

6

Perrot v. Clicklease, LLC

41. Plaintiff is entitled to actual damages and punitive damages due to Defendant's conscious disregard of Plaintiff's rights.

**THIRD CAUSE OF ACTION (Fraud / Misrepresentation)**

42. Plaintiff realleges paragraphs 1 through 41.

43. On information and belief, Defendant, through its agents or representatives, made false statements to Plaintiff's financial institution and/or intermediary institutions regarding the existence of authorization for the disputed withdrawals.

44. Defendant intended that such statements be relied upon by U.S. Bank in evaluating and denying Plaintiff's dispute, and U.S. Bank in fact relied on those representations in denying Plaintiff's dispute.

45. The precise identity of the individual(s), exact wording, and timing of such statements are presently within Defendant's exclusive knowledge and will be ascertained through discovery, but the statements were material and made with knowledge of their falsity.

46. As a direct result of Defendant's misrepresentations, Plaintiff's dispute was denied by U.S. Bank, and Plaintiff suffered damages.

47. Defendant's conduct constitutes fraud, oppression, and malice, justifying punitive damages.

**FOURTH CAUSE OF ACTION (Declaratory Relief)**

48. Plaintiff realleges paragraphs 1 through 47.

49. An actual controversy exists regarding Defendant's authority to withdraw funds.

50. Plaintiff seeks a declaration that:

   a. Defendant lacked authorization for both the August 9, 2025 and August 19, 2025 withdrawals;

Perrot v. Clicklease, LLC

7

    b.   The withdrawals violated EFTA; and

    c.   No valid modification or agreement existed permitting such withdrawals.

**PRAYER FOR RELIEF**

Plaintiff requests:

• Actual damages (including all unauthorized withdrawals totaling approximately $3,734.93, plus consequential losses)

• Statutory EFTA damages (including maximum statutory penalties)

• Punitive damages based on willful and malicious conduct

• Declaratory judgment

• Costs of suit

• Pre-judgment and post-judgment interest

• Any other relief the Court deems just

Respectfully submitted,

*/S/ Shawn L. Perrot*     April 20, 2026

Shawn L. Perrot Plaintiff
*In pro se*

8

Perrot v. Clicklease, LLC